IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRESA LYNN P., )
)
    Plaintiff, )
) CASE NO. 17-CV-212-JFJ
v. )
)
NANCY A. BERRYHILL,[1] )
**Deputy Commissioner for Operations,** )
**performing the duties and functions not** )
**reserved to the Commissioner of Social** )
**Security,** )
)
    Defendant. )

## OPINION AND ORDER

Plaintiff Tresa Lynn P. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and disabled widow's benefits under Title II, and her claim for supplemental security income under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## ISSUE

On appeal, Plaintiff raises one point of error. Specifically, Plaintiff argues that the ALJ erred in failing to make "legally required findings regarding the heightened transferrable skill standard" for a claimant who is "closely approaching retirement age." ECF No. 16.

---

[1] Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration pending the nomination and confirmation of a Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See id.* The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**ANALYSIS**

**I.    ALJ's Decision**

The ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2018. Plaintiff had not engaged in substantial gainful activity since her amended onset date of May 31, 2013. The ALJ found Plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine; osteoarthritis with generalized body pain and joint involvement; obesity; allergies and tentative diagnosis of COPD; high blood pressure; panic attacks; anxiety; and depression." R. 21. Although Plaintiff continues to smoke with a "tentative diagnosis of COPD," which reduced her credibility, the ALJ imposed respiratory irritant limitations in her residual functional capacity ("RFC"). None of Plaintiff's impairments, individually or in combination, rose to the level of a listed impairment. R. 21-24.

After considering Plaintiff's testimony, reviewing the record, and considering testimony from the Vocational Expert ("VE"), the ALJ found that Plaintiff retained the RFC to perform

> a full range of light work as defined in Social Security Rulings and Regulations, including 20 CFR SECTION 404.1567(b), except as follows: No climbing of ladders, ropes, or scaffolds and no crawling. Stooping, crouching, and climbing of ramps or stairs limited to occasional. Overhead reaching is limited to occasionally bilaterally. No exposure to elevated levels of fumes, dusts, odors, or other respiratory irritants (elevated level is defined as in excess of that normally found in modern office buildings or light manufacturing facilities). Due to mental impairments, claimant can understand, remember, and carryout [sic] simple or intermediate level instructions, and perform simple and some tasks of intermediate level difficulty under routine supervisions, such that she is capable of doing simple or most semi-skilled work. No contact with the general public. Claimant can relate to supervisors and co-workers on a superficial and work related basis, and can adapt to a work situation.

R. 24.

The ALJ combined his discussion of Plaintiff's credibility with his discussion of the objective evidence, highlighting several instances throughout the record he found inconsistent with a finding of disability. The ALJ found that Plaintiff classified her impairments as chronic, existing prior to her alleged onset date. Despite these "chronic" conditions, Plaintiff continued to work. The ALJ discussed the "limited amount of medical evidence" in conjunction with Plaintiff's work record, finding that she "has no significant treatment history for her alleged chronic conditions prior to her employment termination." R. 25-26. The ALJ concluded that Plaintiff stopped working due to a change in management resulting in her termination, rather than due to her alleged conditions. R. 26. The ALJ found that these facts, in combination, reduced Plaintiff's overall credibility and established that she was not as impaired as she claimed.

After receiving testimony from the VE during Plaintiff's ALJ hearing, the ALJ ultimately determined that Plaintiff could not return to her past relevant work as a warranty claims clerk due to the limitation on contact with the general public. The ALJ asked the VE if Plaintiff retained any transferable skills from her past relevant work. The VE testified that Plaintiff retained the

transferable skills of "office skills, data entry, and customer service." R. 27, 97-98. After questioning the VE further, the ALJ ultimately found that Plaintiff could perform the job of Data Entry Operator, a semi-skilled job (SVP 4), performed at the sedentary level, with 100,000 jobs available in the national economy (DOT # 203.582-054). Because other work was available that Plaintiff could perform at step five, the ALJ concluded that Plaintiff was not disabled.

## II. Transferable Skills in a Person "Closely Approaching Retirement Age"

At the time of the hearing, Plaintiff was 60 years old with a limited education. R. 27. Plaintiff's age classifies her as an individual "closely approaching retirement age." *See* 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). Plaintiff argues that "when a claimant is of 'advanced age' (age 55) and limited to sedentary work, or 'closely approaching retirement age' (age 60) and limited to light work, a heightened standard applies to the issue of transferable skills." ECF No. 16 at 4 (citing 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4)). Discussing the transferable skills of a claimant closely approaching retirement age, the regulations state that other work found at step five must be so similar to the claimant's past work that "very little, if any, vocational adjustment" would need to be made. The proposed semi-skilled or skilled job duties "must be so closely related to other jobs [the claimant could] perform that [the claimant] could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation." SSR 82-41, 1982 WL 31389, at *5. Citing *Nielson v. Sullivan*, 992 F.2d 1118, 1121-22 (10th Cir. 1992), Plaintiff argues that the ALJ committed reversible error by failing to question the VE regarding this minimal vocational adjustment.

Although the ALJ failed to question the VE specifically about the adjustment level Plaintiff would experience, the ALJ did find in his decision that "very little if any adjustment would be required for [Plaintiff] to do the data entry operator job." *See* R. 26, 97-99. The Commissioner argues that SSR 82-41 also provides that "where job skills have universal applicability across

4

industry lines, e.g., clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC." *See* SSR 82-41. The Commissioner contends that because Plaintiff's past relevant work was clerical, any error in failing to question the VE was harmless.

First, the ALJ erred by failing to specifically question the VE regarding Plaintiff's vocational adjustment level, given her category of "closely approaching retirement age." Although the ALJ determined that Plaintiff would have little adjustment, failing to elicit specific testimony from the VE constitutes legal error under Tenth Circuit law. The Tenth Circuit has held that "[w]hen the transferability of skills arises with respect to a claimant of advanced age, the ALJ **must** present the vocational expert with a hypothetical that asks whether or not the skill is transferable with little or no vocational training or job orientation." *Nielson*, 992 F.2d at 1121-22 (emphasis added); *see also Jensen v. Barnhart,* 436 F.3d 1163, 1167 (10th Cir. 2005) (explaining that "the ALJ carefully led the VE through the regulatory requirements for transferability of skills for a person of advanced age"); *see also* 20 C.F.R. §§ 404.1568(d)(4) 416.968(d)(4) ("If you are *closely approaching retirement age* (age 60 or older) and you have a severe impairment that limits you to no more than *light* work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment . . . ."). Under *Nielson* and the regulations, the ALJ must elicit testimony from the VE to determine vocational adjustment levels.

Second, the error was not harmless. The standard for harmless error requires a finding that the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d

5

1140, 1145 (10th Cir. 2004). The ALJ's failure to specifically question the VE about Plaintiff's adjustment level does not meet the increased standard for claimants "closely approaching retirement age" found in 20 C.F.R. §§ 404.1568(d)(4), 416-968(d)(4), and SSR 82-41, and cannot be considered harmless error. Absent VE testimony regarding the adjustment level Plaintiff would face moving from her past relevant work as a warranty claims clerk to other data entry work, the Court cannot conclude the ALJ's findings are harmless. *See Allen*, 357 F.3d at 1145 (explaining that "excusing the ALJ's failure . . . would be an improper exercise in judicial factfinding rather than a proper application of harmless-error principles").

On remand, the ALJ should conduct a supplemental hearing to properly question the VE regarding Plaintiff's transferable skills.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should conduct a supplemental hearing to properly question the VE regarding Plaintiff's transferable skills.

SO ORDERED this 27th day of June, 2018.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**